**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

TOM JENSEN,

       Plaintiff - Appellant,

  v.

TIMOTHY THOMAS, College ("Peralta")
Director of Public Safety; et al.,

       Defendants - Appellees.

No. 24-5070

D.C. No. 3:23-cv-01628-RFL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Submitted August 19, 2025[**]

Before:     SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Tom Jensen appeals pro se from the district court's partial judgment in his action alleging federal and state law claims. Because the district court certified its interlocutory order under Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

338, 341 (9th Cir. 2010) (failure to state a claim under Fed. R. Civ. P. 12(b)(6));

*Council of Ins. Agents & Brokers v. Molasky-Aramn*, 522 F.3d 925, 930 (9th Cir. 2008) (standing). We affirm.

The district court properly dismissed Jensen's claims against defendants Jannett Jackson, Atheria Smith, Mark Johnson, Bill Withrow, Linda Handy, Nicky Gonzalez Yuen, Cynthia Napoli-Abella Reiss, Dyana Marie Delfin Polk and Julina Bonilla because Jensen failed to allege facts sufficient to state any plausible claim against these defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisory official is liable under § 1983 if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Crowe v. County. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) ("To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." (citation and internal quotation marks omitted)); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (setting forth elements of a defamation claim under California law).

24-5070

The district court properly dismissed Jensen's claims against defendants Royl Roberts and Pamela Price because Jensen failed to allege an injury in fact for purposes of Article III standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

We lack jurisdiction to consider Jensen's claims against defendant Edwin Prather because they are beyond the scope of the Rule 54(b) judgment. *See Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 179 n.1 (9th Cir. 1989) (on appeal from a Rule 54(b) order, there is no jurisdiction over claims that are not within the scope of that order).

The district court did not abuse its discretion by denying Jensen's motion for leave to file a supplemental complaint because supplemental pleadings cannot be used to introduce a separate, distinct, and new cause of action. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (setting forth standard of review and grounds for supplementing a complaint under Fed. R. Civ. P. 15(d)).

The district court did not abuse its discretion by denying Jensen's motion for judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

We reject as unsupported by the record Jensen's contentions of judicial bias.

24-5070

Jensen's motion (Docket Entry No. 9) to stay district court proceedings is denied as moot.

**AFFIRMED.**